IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH DICKINSON, | § | |
| | § | |
| Defendant Below, | § | No. 331, 2021 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0901009990A (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: December 6, 2021
Decided: February 4, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court in its September 20, 2021 order denying the appellant's motion to vacate his sentence.[1]

---

[1] For the first time on appeal, the appellant argues that the hearing on the State's motion to have him declared a habitual offender did not comply with Delaware law. We recently rejected this argument when we affirmed the Superior Court's denial of the appellant's motion for correction of illegal sentence. *Dickinson v. State*, 2022 WL 120997, at \*3 (Del. Jan. 12, 2022) ("[T]he record reflects that the sentencing proceedings complied with 11 *Del. C.* § 4215: the State filed a motion to have Dickinson declared a habitual offender prior to the sentencing hearing; the Superior Court called upon Dickinson to admit or deny his previous convictions upon which the State relied in its motion; and Dickinson, with the assistance of counsel, admitted the previous convictions.").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice